ORA M. SHEAR, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

CRIMINAL LAW—APPELLATE PRACTICE—ASSIGNMENTS OF ERROR HAVING NO BASES OF FACT IN RECORD CANNOT BE CONSIDERED—REITERATING CHARGES.

1. Assignments of error predicated upon asserted facts that are not disclosed by the record cannot be considered by an appellate court.

2. There is no error in the refusal to give requested instructions that are in substance but reiterations of instructions already given.

This case was decided by Division B.

Writ of Error to the Criminal Court of Record for Duval County.

The facts in the case are stated in the opinion of the court.

*Frank W. Pope,* for plaintiff in error;

*W. H. Ellis,* Attorney General, for the state.

TAYLOR, J.—The plaintiff in error, hereinafter referred to as the defendant, was convicted of the crime of embezzlement in the criminal court of record of Duval county, and seeks review of his trial in this court by writ of error.

There are five assignments of error. The first two of these complaints of the court's overruling objections alleged to have been made by the defendant to a question propounded to one of the state's witnesses; and to the alleged denial by the court of an alleged motion

by the defendant to strike the answer of said witness to such question.

These two assignments cannot be considered for the reason that there is no basis for them in the record. The record does not show that any such objection was ever interposed to the challenged question to the witness, nor any ruling of the court upon any such objection. Neither does the record show any such motion by the defendant to strike the witness' answer to any such question; nor any ruling by the court upon any such motion.

The third assignment of error complains of the denial of the defendant's motion for a new trial. The only ground of this motion that will not be fully disposed of in dealing with other assignments of error, is the ground thereof that the verdict is contrary to the evidence, and this ground will be disposed of last.

The fourth assignment of error complains of the denial of the defendant's motion in arrest of judgment.

The grounds of this motion were: (1). That there was no allegation in the information that the defendant was clerk or agent, or an employe of the railway company whose money was alleged to have been embezzled at the time of its conversion. (2) That there was no allegation in said information that at the time of the alleged non-consent by said railway company to the conversion of its money the defendant was an employe, agent or clerk, or in anywise connected in a fiduciary capacity to said railway company.

There is no merit in this assignment of error. The information is particularly full and explicit in its allegations as to the relationship of trust occupied by the defendant towards the railway company, the alleged owner of the money converted, at the time of its conversion, and as to such owner's non-consent to such conversion.

The fifth assignment of error complains of the refusal

of the judge to give the following charge requested by the defendant: "The crime of embezzlement embraces all the elements of larceny except the actual taking of the property or money alleged to have been taken. It is as the court instructs you, the taking of money or property rightfully in the possession of the party alleged with the crime; and in order to constitute this crime, it is necessary for the state to prove that the property alleged to have been embezzled was in the possession of the accused at the time of the conversion, so that no trespass was committed in taking it."

There is no merit in this assignment. Besides being subject to the criticism of stating the law inaccurately, and misleadingly, the subject matter of the requested charge was fully covered by other charges given by the court to the jury, and there was, therefore, no error in its refusal.

The ground of the motion for new trial, that the verdict was contrary to the evidence, cannot be sustained. The evidence fully sustains the verdict found, and practically leaves no room for any other conclusion than that arrived at in their verdict by the jury.

Finding no error, the judgment of the said trial court in said cause must be, and is, hereby affirmed at the cost of the plaintiff in error.

HOCKER and PARKHILL, JJ., concur;

SHACKLEFORD, C. J., COCKRELL and WHITFIELD, JJ., concur in the opinion.